TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

ALEXIS G. ROMERO (D.C. Bar No. 90006907)
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 353-5885; Fax: (202) 305-0275
E-mail: alexis.romero@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES BUREAU OF LAND MANAGEMENT, <br><br> Defendant. | Civil Action No. 1:24-cv-00517-AA <br><br> Hon. Ann Aiken <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Pursuant to Federal Rule of Civil Procedure 8, Defendant United States Bureau of Land

Management responds to the allegations in Plaintiffs' Klamath-Siskiyou Wildlands Center, *et*

*al.*'s Complaint for Declaratory and Injunctive Relief (ECF) as set forth below.

## RESPONSES TO COMPLAINT ALLEGATIONS

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheadings in Plaintiffs' Complaint. Defendants do not specifically respond to the section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations.

## NATURE OF ACTION

1.      The allegations in the first sentence of Paragraph 1 are characterizations of Plaintiffs' claims to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies the allegations in the second sentence of Paragraph 1.

2.      Defendant denies the allegation in the first sentence of Paragraph 2 that characterizes the Bureau of Land Management's ("BLM") authorization as impermissible. The remaining allegations in Paragraph 2 are characterizations of the Plaintiffs' claims and of their request for remedy to which no response is required. To the extent further response is required, Defendant denies the allegations.

3.      The allegations in Paragraph 3 are characterizations of Plaintiffs' request for remedy to which no response is required. To the extent a response is required, Defendant denies the allegations.

4.      The allegations in Paragraph 4 are characterizations of Plaintiffs' request for remedy to which no response is required. To the extent a response is required, Defendant denies the allegations.

5.      The allegations in Paragraph 5 are characterizations of Plaintiffs' claims and request for remedy to which no response is required.  To the extent a response is required, Defendant denies the allegations.

6.      The allegations in Paragraph 6 are characterizations of Plaintiffs' request for attorney's fees to which no response is required.  To the extent a response is required, Defendant denies the allegations.

<b>JURISDICTION AND VENUE</b>

7.      The allegations in Paragraph 7 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

8.      The allegations in Paragraph 8 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

9.      Defendant admits that Plaintiffs filed and then withdrew an administrative claim at the Interior Board of Land Appeals, and that Plaintiffs timely submitted comments during the National Environmental Policy Act ("NEPA") process. The remaining allegations in Paragraph 9 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

10.      The allegations in Paragraph 10 are conclusions of law to which no response is required; to the extent a response is required, they are denied. Defendant aver that the Rogue Gold Forest Management Project ("Project") Environmental Analysis ("EA"), Decision Record ("DR"), and Finding of No Significant Impact ("FONSI") were signed at Defendants' office in Jackson County, Oregon and that they pertain to public lands therein.

11.      Defendant admits that the Rogue Gold Project is in Jackson County, and that BLM signed the Rogue Gold Decision Record in Jackson County.  The remaining allegations in

3

the first sentence of Paragraph 11 constitute conclusions of law to which no response is required; to the extent a response is required, Defendant denies the allegations.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 11, and therefore denies them.

## PARTIES

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore deny them.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore deny them.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore deny them.

15.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore deny them.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore deny them.

17.     Defendant admits that Defendant BLM is an bureau within the Department of the Interior charged to manage public lands in accordance and compliance with federal laws and regulations.  Defendant admits the BLM issued the Rogue Gold Forest Management Project EA, DR, and FONSI and admits that the DR authorized the Project.  Except as expressly admitted, Defendants deny the allegations in paragraph 17.

## LEGAL BACKGROUND

18.    The allegations in Paragraph 18 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

19.    The allegations in Paragraph 19 purport to characterize the APA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced statute, they are denied.

20.    The allegations in Paragraph 20 purport to characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its content; to the extent allegations are inconsistent with the referenced statute, they are denied.

21.    The allegations in Paragraph 21 purport to characterize FLPMA sections and implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute and regulations, they are denied.

22.    Defendant admits that the BLM issued the Southwestern Oregon RMP in 2016 ("SWO 2016 RMP").  Defendant admits that the SWO 2016 RMP applies to the Rogue Gold Forest Management Project and timber sales thereunder. Except as expressly admitted, Defendants deny the allegations in Paragraph 22.

23.    The allegations in Paragraph 23 purport to characterize the SWO 2016 RMP; which speaks for itself. To the extent allegations are inconsistent with the SWO 2016 RMP, the allegations are denied.

24.    The allegations in Paragraph 24 purport to characterize the management direction for the Late Successional Reserve ("LSR") and LSR-Dry Land Use Allocations in the SWO

2016 RMP, which speaks for itself. To the extent allegations are inconsistent with the SWO 2016

RMP, the allegations are denied.

## FACTUAL AND ADMINISTRATIVE BACKGROUND

25.      Defendant admits to the allegations in Paragraph 26.

26.      Defendant admits that the Northern Spotted Owl ("NSO") occupies, in part, late-successional and old-growth forest habitat from British Columbia to California. Except as expressly admitted, Defendant denies the allegations in Paragraph 26.

27.      Defendant admits to the allegations in Paragraph 27.

28.      The allegations in Paragraph 28 purport to characterize the United States Fish and Wildlife Service ("USFWS") listing of the NSO as a threatened species under the Endangered Species Act, 55 Fed. Reg. 26, 114 (Jun. 26, 1990) (codified at 50 C.F.R. § 17.11(h)), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced listing, they are denied.

29.      The allegations in Paragraph 29 purport to characterize the USFWS "warranted, but precluded" finding of the NSO, 85 Fed. Reg. 81, 144-46 (Dec. 15, 2020), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced reclassification, they are denied.

30.      The allegations in Paragraph 30 purport to characterize the USFWS designation and revisions of critical habitat for the NSO, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the designation and revisions, they are denied.

31.      The allegations in Paragraph 31 purport to characterize the USFWS' 2008 revision of the designation of critical habitat for the NSO, 73 Fed. Reg. 47,325 (Aug. 13, 2008),

which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced revision, they are denied.

32.    The allegations in Paragraph 32 purport to characterize the SWO 2016 RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced RMP, they are denied.

33.    The allegations in Paragraph 33 purport to characterize the SWO 2016 RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced RMP, they are denied.

34.    The allegations in Paragraph 35 purport to characterize the SWO 2016 RMP, which speaks for itself and is the best evidence of its content; to the extent allegations are inconsistent with the referenced RMP, they are denied.

35.    The allegations in Paragraph 35 purport to characterize the SWO 2016 RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced RMP, they are denied.  BLM avers that parts of the Rogue Gold Project are in the Harvest Land Base – Uneven-aged Treatment Areas, from which harvest contributes to the Allowable Sale Quantity requirement in the SWO 2016 RMP.

36.    The allegations in Paragraph 36 purport to characterize the LSR management objectives and management direction in the SWO 2016 RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced RMP, they are denied.

37.    Defendant admits the allegations in Paragraph 37.

38.    Defendant admits that 60% is the target canopy cover used in the Rogue Gold EA, and admits that 60% or greater canopy cover creates a tendency toward nesting-roosting habitat.

BLM avers that other factors such as overstory tree diameter, quadratic mean diameter, and basal area are also relevant.  Except as expressly admitted, BLM denies the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 purport to characterize the SWO 2016 RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the RMP, they are denied.

40.     Defendant denies the allegations in Paragraph 40.

41.     In response to the allegations in Paragraph 41, Defendant admits that the BLM initiated the "scoping period" for the Rogue Gold Vegetation Management Project on September 23, 2021 via notice ("Scoping Notice"), in which the BLM identified 2,052 acres to be considered for commercial timber harvest.  Except as expressly admitted, Defendant denies the allegations.

42.     The allegations in Paragraph 42 purport to characterize the Scoping Notice, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Scoping Notice, they are denied.

43.     In response to the allegations in Paragraph 43, Defendant admits that the BLM released the Environmental Assessment (EA) for the Rogue Gold Project and solicited comments from the public on June 23, 2023. Except as expressly admitted, Defendant denies the allegations.

44.     In response to the allegations in Paragraph 44, Defendant admits that the BLM received comments on July 13, 2023 from Plaintiffs.  The remaining allegations in Paragraph 44 purport to characterize the Plaintiffs' comments, which speak for themselves and are the best

evidence of their content; to the extent the allegations are inconsistent with the comments, they are denied.

45.    The allegations in Paragraph 45 purport to characterize the Plaintiffs' comments, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the comments, they are denied.

46.    The allegations in Paragraph 46 purport to characterize the Plaintiffs' comments, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the comments, they are denied.

47.    In response to the allegations in Paragraph 47, Defendant admits that the BLM published the Rogue Gold Forest Management Project EA, FONSI, and DR on August 24, 2023. Except as expressly admitted, Defendant denies the allegations.

48.    The allegations in Paragraph 48 purport to characterize the FONSI, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the FONSI, they are denied.

49.    The allegations in Paragraph 49 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the EA, they are denied.  Defendant avers that the DR authorized the commercial treatment of approximately 1,669 total acres.  Except as expressly admitted, Defendant denies the allegations in Paragraph 49.

50.    Defendant admits the allegations in Paragraph 50.

51.    The allegations in Paragraph 51 purport to quote and characterize the FONSI, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the FONSI, they are denied.  BLM avers that parts of the Rogue Gold Project

are in the Harvest Land Base Uneven-aged Treatment Areas, from which harvest contributes to the Allowable Sale Quantity requirement in the SWO 2016 RMP.

52.     The allegations in Paragraph 52 purport to characterize the DR, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the DR, they are denied.

53.     The allegations in Paragraph 53 purport to characterize the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the EA, they are denied.

54.     Defendant denies the allegation in Paragraph 54.

55.     The allegations in Paragraph 55 purport to characterize Issue 4 in the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the EA, they are denied.

56.     The allegations in Paragraph 56 purport to characterize Issue 4 in the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the EA, they are denied.

57.     The allegations in Paragraph 57 purport to characterize Issue 4 in the EA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the EA, they are denied.

58.     The allegations in Paragraph 58 purport to characterize the EA and DR, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the EA and DR, they are denied.

59.     Defendant denies the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 purport to characterize the DR, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the DR, they are denied.

61.     The allegations in Paragraph 61 purport to characterize LSR and LSR-Dry management direction in the 2016 SWO RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the 2016 SWO RMP, they are denied.

## CLAIM FOR RELIEF

62.     Defendant incorporates by reference its responses to Paragraphs 1-61.

63.     The allegations in Paragraph 63 purport to characterize FLPMA and FLPMA's implementing regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced statute or regulations, they are denied.

64.     Defendant admits the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 purport to characterize the SWO 2016 RMP, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced SWO 2016 RMP, they are denied.

66.     Defendant denies the allegations in Paragraph 66.

67.     Defendant denies the allegations in paragraph 67.

68.     The allegations in Paragraph 68 constitute legal conclusions to which no response is required.  To the extent a further response is required, the allegations are denied.

## PRAYER FOR RELIEF

The remainder of the allegations in the Complaint constitute Plaintiffs' Prayer for Relief to which no response is required.  To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.      One of more of Plaintiffs' claims for relief fail to state a claim upon which relief can be granted.

3.      Plaintiffs lack standing to pursue one more of their claims.

4.      One or more of Plaintiffs' claims is not ripe.

5.      Plaintiffs have failed to exhaust administrative remedies and/or have otherwise waived certain claims.

6.      One or more of Plaintiffs' claims is moot.

 WHEREFORE, Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 31st day of May, 2024.


TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

/s/    *Alexis G. Romero*
ALEXIS G. ROMERO (D.C. Bar No. 90006907)
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 353-5885; Fax: (202) 305-0275
E-mail: alexis.romero@usdoj.gov

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2024, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

/s/    *Alexis G. Romero*

Alexis G. Romero